IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LOWES'S HOME CENTERS, INC.,
    Plaintiff,

v.                                      Civil Action No. 1:12 cv 72

THF CLARKSBURG DEVELOPMENT TWO,
LIMITED LIABILITY COMPANY and
MICHAEL H. STAENBERG,
    Defendants.

**MEMORANDUM OPINION AND ORDER**

I.
Procedural History

Plaintiff filed a "Motion For Protective Order To Limit Discovery From Its Litigation Consultants" dated May 2, 2013 [DE 74]. Defendants filed their "Response" dated May 15, 2013 [DE 83]. Plaintiff filed its "Reply" dated May 28, 2013 [DE 92]. The motion was referred to the undersigned by Order dated May 3, 2013 [DE 76].

The matter was scheduled for hearing at the Clarksburg point of court on Thursday, June 13, 2013 at 10:00 a.m.

At the appointed time came Boyd Warner, counsel for Defendants, and Stephen F. Gandee, counsel for Plaintiff. Defendants offered no evidence and the matter was submitted on the materials filed. Thereupon the Court took the matter under consideration.

This case generally involves claims by Lowes that the building it build on lands owned, prepared for construction and leased to it by THF Clarksburg Development Two [THF] was improperly prepared and as a result has settled over a period of time causing damage to the building. In 2001 Lowes retained the services of two engineering firms [Fayette and Triad] to examine the property and evaluate what, if any, settlement was taking place and what was the cause of any such settlement. By 2004 Lowes' engineers had completed their initial evaluation. Lowes alerted THF to the problem and THF retained its own soils engineer to investigate the claims. Lowes' engineer is CTL. CTL was also the engineer that

was retained by THF to provide a soils report and relevant engineering incident to the development of the lands for ultimate lease to Lowes. The opposing engineers reached diametrically opposed conclusions with respect to causation and responsibility for the claimed settlement. Counsel for Lowes retained Fayette and Triad as consultants on April 26, 2007. Lowes later filed suit. THF responded. Discovery ensued. THF seeks now to obtain discovery of documents and other information from Fayette and Triad for work they did as consultants after April 26, 2007. Lowes objected and filed the motion for protection.

## II.
### Contentions of the Parties

Lowes contends:

1) Fayette and Triad became retained consultants for Lowes' litigation counsel on or about April 26, 2007.

2) Fayette and Triad are not expected to testify at trial.

3) F.R.Civ.P. 26(b)(4)(D) exempts from discovery "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial."

4) Any deposition of Triad and/or Fayette should be limited by protective order to events and work performed during the period before April 26, 2007.

THF Clarksburg Development Two LLC contend:

Exceptional circumstances dictate that it should be permitted to discover information from Triad and Fayette for any work they did after being hired on April 26, 2007 by Plaintiff's counsel as consultants.

## III.
### Discussion

F.R.Civ.P. 26(c)(1) provides for the application to the Court for the entry of a protective order when the party seeking it certifies he has conferred in good faith with other affected parties to resolve a discovery dispute and that effort was unsuccessful. [see also L.R.Civ.P. 37.1(b)]. The rule goes on to

provide that the Court for <u>good cause</u> may issue a protective order [D] "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters" or [A] "forbidding the discovery or disclosure."

F.R.Civ.P. 26(b)(3)(A) provides: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But subject to Rule 26(b)(4), those materials may be discovered if: (i) they are other wise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the material to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

F.R.Civ.P. 26(b)(4) (D) provides: "Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial.  But a party may do so only: (i) as provided in Rule 35(b); or (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."

It is not disputed that Lowes' outside legal counsel retained the services of Triad Engineering, Inc. and Fayette Engineering Company, Inc. on or about April 25, 2007.  It is also not disputed that documents relating to Triad's and Fayette's site monitoring data for the period prior to April 25, 2007 excluding attorney communications was provided to Defendants prior to the commencement of the within action.

Defendant seeks the information that derrived from the work of Triad and Fayette post April 25, 2007.

That Defendant is the owner and developer of the property in question and has throughout the period at issue obtained geotechnical data and information relative to the site for more than ten (10) years prior to the institution of this litigation is not and cannot be disputed.  For instance, Defendant retained

CTL Engineering of West Virginia [CTL] as a geotechnical engineering consultant. CTL oversaw the construction and compaction of the fill underlying the Lowes Store. [DE 92, Exhibit 1, Bates THFCLA-001013]. According to the letter report of September 17, 2001 "[d]rilling was not done as part of this investigation because of the knowledge of the soils engineer, CTL Engineering, regarding the materials in the fill, and the manner in which they were placed." In the rest of the report CTL outlines the method of dynamic compaction used to prepare the cut and fill site. *Id.* CTL certified that theTHF-Clarksburg Phase II Lowes Pad had "been constructed in accordance with the Geotechnical Investigation prepared by CTL Engineering dated 10/23/01 and Lowe's Specifications dated 07/10/01. All earth cut and fills have been installed competently, properly and have been compacted under the supervision of the below certifying Geotechnical Engineer." [DE 92, Exhibit 2, Bates THFCLA-005409]. CTL prepared and provided Defendant, The Clarksburg Development Two, with a lengthy written report entitled <u>Subsurface Investigation</u> dated October 23, 2001. [DE 92, Exhibit 3, Bates THFCLA-001608-001743]. As part of the preparation for the report, 3o soil test borings were drilled and the results posted as an Appendix to the report. *Id.*

Further, it cannot be disputed that, as of April 21, 2004, Lowes made THF aware of its concerns with respect to a claimed settlement problem and possible foundation failure. [DE 92, Exhibit 4, Bates THFCLA-005689]. It is undisputed that after receiving notice of Lowe's concerns, THF authorized inspection, surveys and subsurface testing. [DE 92, Exhibit 5, THFCLA-005692].

In summary, the documentation attached to Lowes' Motion and Reply show: 1) Defendant was aware of Lowes' claims as early as 2004; 2) Defendant retained CTL as an engineer to review material and reports supplied by Lowes and conduct its own investigation of the Lowes pad site; 3) under the direction of CTL test borings, surveys, monitoring, and inspections were performed [DE 92, Exhibit 8,9 and 10, THFCLA-005710-005804]; and 4) CTL and Defendant reached a conclusion in 2007 that there was an unresolved dispute between the engineers for it and Lowes with respect to the cause of the settlement at the Lowes store site. [DE 92, Exhibit 11, THFCLA-005751].

Defendant has a heavy burden "showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." *supra*[1].

### IV.
### Decision

Based on the foregoing factual analysis from the record, without more, the Court finds that Defendant cannot and has not met its heavy burden. Defendant obviously has had access to the Lowes pad site since near the inception of the claim. Prior to leasing it to Lowes, as the developer, Defendant had complete access to the site. It obviously had its own expert soils engineer before and after it was first made known of Lowes' potential claim. Its expert soils engineer conducted the investigation it deemed appropriate to assist Defendant in evaluating the claim being made. This investigation obviously involved inspections, soil borings and monitoring over a period of time in 2004 and to 2007. Defendant's engineer even had access to much of Plaintiff's engineers' work prior to Plaintiff's counsel retaining those engineers [Fayette and Triad] as litigation consultants on or about April 25, 2007.

### ORDER

Accordingly, Plaintiff's Motion For Protective Order [de 74] is **GRANTED**. It is therefore **ORDERED** that:

1. Fayette and Triad shall not be required, pursuant to the Subpoenas or otherwise, to produce to Defendants any document they received or prepared on or after April 26, 2007 in connection with their work as consultants to Lowe's litigation counsel.

2. Lowes shall not be required to produce to Defendants any document that Fayette or Triad prepared on or after April 26, 2007 in connection with their work as consultants to

---

[1] It must be noted that both Plaintiff and Defendant rely on the same rule provision in the Federal Rules of Civil Procedure and the same case law: Barnes v. City of Parkersburg, et al., 100 F.R.D. 768, 769 (S.D.W.Va. 1984) in support of their opposite positions.

Lowe's litigation counsel.

The Clerk is directed to provide notice of electronic filing of this order to counsel of record.

The Clerk is further directed to remove DE 74 from the docket of motions actively pending before the Court.

Dated: July 5, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE