IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LOWE'S HOME CENTERS, INC.,

    Plaintiff,

v.                                                           Civil Action No. 1:12 cv 72

THF CLARKSBURG DEVELOPMENT TWO,
LIMITED LIABILITY COMPANY and
MICHAEL H. STAENBERG,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court pursuant to "Plaintiff Lowe's Home Centers Inc.'s ("Lowe's")Motion to Compel Discovery from Defendant THF Clarksburg Development Two, Limited Liability Company" ("THF") filed May 31, 2013 [DE 101]. THF filed its "Response" to the Motion on June 18, 2013 [DE 113]. Lowe's filed its "Reply"on June 19, 2013 [DE 117]. The motion was referred to the undersigned by Order dated May 3, 2013 [DE 76].

The undersigned finds the issues addressed in the motion and response are not complex and do not require the resolution of factual matters and therefore do not require a hearing.

Lowe's served its first set of discovery requests on THF on March 1, 2013. On April 8, 2013, THF served its Answers and Responses to the discovery requests. THF, however, did not serve a verification of its answers, or provide a privilege log regarding its Responses. The parties conferred regarding these issues, and, according to Lowe's, reached an agreement during a telephonic "meet and confer" on May 13, 2013. As of May 31, 2013, the date of the filing of the Motion to Compel, THF had still not provided the privilege log or verification.

Lowe's moves the Court to issue an order compelling THF to serve a verification for THF's answers to interrogatories, and to provide Lowe's with a privilege log.

THF filed its Response to the Motion to Compel on June 18, 2013, which, in itself, was late. THF in its Response does not reject any of Lowe's arguments, but simply states that the Motion to Compel is opposed by THF "because (a) a privilege log was provided by THF to Lowe's counsel on June 3, 2013, and (b) a verification of THF's responses to Lowe's discovery requests will be provided within seven (7) days." Response at 1. THF states the privilege log was "promptly provided" "shortly after Lowe's Motion to Compel was filed." THF then argues that Lowe's Motion to Compel should be denied as moot "as it is unnecessary for the Court to enter an order compelling the disclosure of the privilege log as the requested privilege log has since been provided." Further, Lowe's Motion to Compel the verification should also be denied as moot "as this verification will be provided shortly after this filing."

Lowe's Reply first states what the Court has already found: THF's Response to the Motion was untimely in itself. Lowe's next argues that THF's unexplained failure to provide verification of its interrogatory answers (served two months earlier), caused it undue time and expense in conducting depositions. Lowe's states that, in response to a 30(b)(6) deposition notice, THF designated Mr. James Lewis to testify as the corporate representative on THF's interrogatory answers and certain other subjects. Mr. Lewis, however, testified he was not involved in preparing the interrogatory responses. A second 30(b)(6) designee testified he also had not seen the answers, had not provided any information for the answers, and had no knowledge as to the truth or accuracy of the answers.

Upon consideration of all which, the Court **GRANTS** Lowe's Motion to Compel THF's verification of its interrogatory answers, under oath, as required by Fed.R.Civ.P. 33. THF shall serve the verification on Lowe's within seven (7) calendar days of entry of this Order.

Lowe's states in its Reply that it had, indeed, received the privilege log. The Court first finds there is no dispute that the privilege log was filed late and subsequent to the filing of the Motion to Compel. Lowe's additionally argues that, having now had the opportunity to review the privilege log, it does not meet the requirements of Fed.R.Civ.P. 26 or Local Rule of Civil Procedure 26.04.

L.R.Civ.P. 26.04(a)(2) expressly provides:

(I) Where a claim of privilege is asserted in objecting to any means of discovery or disclosure . . . , and an answer is not provided on the basis of such assertion:

> (A) The attorney asserting the privilege shall identify the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked and certify the attorney had reviewed each document for which privilege is asserted;
>
> and
>
> (B) The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:
> (1) For documents:
>  (a) the type of document, e.g., letter or memorandum;
>  (b) the general subject matter of the document;
>  (c) the date of the document; and
>  (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and where not apparent, the relationship of the author, addressees, and recipients to each other.

Lowe's attached a copy of THF's privilege log as an exhibit to its Reply. The Court agrees with Lowe's that the privilege log does not comply with the requirements of the Federal Rules or the Local Rules. First, and possibly most importantly, the Privilege Log has a general title of "Communication Protected by Attorney Client Work Product Doctrine." There is no "Attorney Client Work Product Doctrine," however, at least in West Virginia, and THF has therefore failed to "identify the nature of the privilege that is being claimed" as to each document.

3

Second, the privilege log does not identify what type of document is withheld.

Third, although the privilege log purports to provide a "Subject," these appear more like the subject line of an email than "the general subject matter of the document."

Fourth, the privilege log does not provide the relationship of the author, addressees, and recipients to each other.

For all the above reasons, the Court finds the privilege log does not "describe the nature of the information in a manner that will enable the other parties to assess the claim." Fed.R.Civ.P. 26(b)(5).

Upon consideration of all which, the Court **GRANTS** Lowe's Motion to Compel regarding the privilege log. Within seven (7) calendar days of entry of this Order THF shall supplement its privilege log to comply with the Federal and Local Rules.

Additionally, Lowe's notes that there is "an inexplicable three-year gap" in the privilege log. There may well be a perfectly logical reason for this gap. In the interests of full disclosure, the Court **ORDERS** THF to confirm, in writing, that it has identified all allegedly privileged documents that have been withheld on grounds of privilege.

Accordingly, Lowe's Motion to Compel [DE 101] is **GRANTED**. THF is **ORDERED** to provide the required information within seven (7) calendar days.

Pursuant to Fed.R.Civ.P.37(a)(5), the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

The Court therefore directs Lowe's to file with the Court and serve on THF within fourteen (14) calendar days of the entry of this order, an accounting of the reasonable expenses incurred in making the motion, including attorney's fees. Lowe's shall include in its accounting the costs it incurred in conducting the prior deposition of the THF representative who had been designated to testify on the supplemental interrogatory answers.

THF shall file and serve within fourteen (14) days of receipt of Lowe's accounting, any objection it has to said accounting.

If both an accounting and objection are filed, the Court shall schedule a hearing on the matter.

Finally, Lowe's requests the Court Order THF to produce the individual who verifies the answers for deposition on the answers. For purposes of efficiency, Lowe's is directed to make this request again, along with its accounting, after it has received the verification, in order to be certain the deposition is necessary. THF shall then be permitted to respond to that request in its objection to the accounting.

It is so **ORDERED**.

The Clerk is directed to provide notice of electronic filing of this order to counsel of record.

Dated: July 11, 2013

*/s John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE