IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LOWE'S HOME CENTERS, INC.,

    Plaintiff,

v.                                              Civil Action No. 1:12 cv 72

THF CLARKSBURG DEVELOPMENT TWO,
LIMITED LIABILITY COMPANY and
MICHAEL H. STAENBERG,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court pursuant to "Defendant THF Clarksburg Development Two, LLC's ("THF") Motion to Compel Plaintiff Lowe's Home Centers Inc.'s ("Lowe's") Discovery Responses filed May 31, 2013 [DE 100]. Lowe's filed its "Response" to the Motion on June 17, 2013 [DE 112]. THF filed its "Reply" on June 24, 2013 [DE 122]. The motion was referred to the undersigned by Order dated May 3, 2013 [DE 76].

THF served its first set of discovery requests on Lowe's on February 26, 2013. On April 1, 2013, Lowe's served its Responses to the discovery requests. On May 29, 2013, Lowe's served its "Second Response to Interrogatories."

The issues regard two Interrogatories, No. 7 and No. 8, and the manner in which Lowe's provided supplemental responses.

**INTERROGATORY NO. 7:**

> If you seek damages for past or anticipated future Store closings, state Store sales by month since it opened in January 2003.

**ANSWER:**

> Lowe's objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to this case or reasonably calculated to lead to the discovery of admissible evidence, in that Lowe's is not

> seeking damages for past Store closings. Lowe's claim for business interruption damages seeks damages only for business interruptions that will occur in the future during remediation and repairs.

Lowe's did provide its monthly sales for fiscal years 2010-2012. Lowe's argues that sales data prior to 2010 is not relevant to any claim or defense in this case, nor will it lead to the discovery of any admissible evidence.

Lowe's first argues, and the Court agrees, that the information is not relevant to any liability issues.

Lowe's next argues that the information has no relevance to any damage claim in this case, because it is not seeking any damages for past business interruptions, only interruption damages that will occur in the future, when the necessary remediation and repairs are implemented. This is a closer question. Lowe's contends that sales information from more than three years ago has no relevance to future business interruptions. Further, sales information from more than three years ago reflects an entirely different economy than today's economy or that in the future.

In its Reply, THF argues that Lowe's contention that past sales records are not relevant is incorrect "and fails to realize that the previous sales data is a reliable variable for forecasting the future revenue of a business and in this case possible future damages resulting from the closure of this store." The information could therefore lead to the discovery of evidence that is admissible during the damages phase of the trial. THF further argues that because Lowe's has alleged damages from an extended closure of the business, it is reasonable to conclude that a comparison of sales from 2003 to present "was a key variable relied upon by the Plaintiff when computing the aforementioned damages calculation." THF contends it is imperative for it to have access to the sales data from 2003 to the present in order to develop an economic calculus that accurately forecasts the potential damages from an extended store closing, and without it "will be forced to accept the Plaintiff's representation with regard to the element of damages and be left without an opportunity to contest

or question the same."

THF concludes that three years of data is simply not sufficient to provide it with a complete understanding of Lowe's claimed damages. "The data from 2003 to 2009 is relevant for the same reasons the data from 2010 to present is relevant. The monthly sales data from this period will provide a more holistic understanding of the average monthly income for this store."

**RULING**: **GRANTED IN PART**. Lowe's shall produce the sales information requested for the store at issue for the dates from January 1, 2008 through July 31, 2013. This information covers 4 ½ years of revenue, including different economic times. The Court finds this information sufficient for an accountant to evaluate in order to make a reasonable projection of revenue (or loss of same) for the near future.

**INTERROGATORY NO. 8:**

> State the location of every one of your Stores that has closed for more than two weeks for repairs to the store or the soils under the store (other than from fire, earthquake or storm), and for each, state the reason for the closing and the dates it was closed.

**ANSWER:**

> Lowe's objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to this case or reasonably calculated to lead to the discovery of admissible evidence, in that it encompasses information that does not relate to the settlement or damage at issue.

Lowe's argues that conducting the search necessary to respond to this Interrogatory would involve "an enormous burden," since Lowe's has been in operation for over 60 years and currently operates approximately 1,750 stores. Lowe's further argues that the information has no relevance to any claim or defense in this case, which involves a single site. Lowe's contends it advised THF it would consider a search to identify closures of other stores if THF would provide "reasonable temporal and geographical limitations," but THF would not do so.

In its Reply, THF argues that its request for the location of other Lowe's stores that had been closed for more than two weeks for repairs to the store or soils is relevant and not unduly burdensome. First, it contends its request is narrow as it does not include stores closed as a result of natural disaster or fire, but only other closures "that closely mirror the circumstances giving rise to the present litigation. "

THF states that Lowe's' experts have indicated the remediation work may span 39 weeks, and that "[a]s a result, it is entirely relevant if Lowe's has ever closed a store for an extended period, the methods and procedures utilized, as well as the justification for said closure." THF contends Lowe's uses the same or very similar building plans for it's store. "Accordingly, the existence of a pattern of store closures for structural repairs could be indicative of a design flaw in Lowe's stores that could be a contributing factor to the damage in this case. THF admits compiling a response to the Interrogatory will be time consuming; however asserts it will not be overly burdensome "as the information sought is pertinent and will likely lead to the discovery of admissible evidence." THF argues it should not be forced to further narrow the request either geographically or temporally as Lowe's has requested, stating, "[w]ithout question, all closings of Lowe's stores for more than two weeks are relevant without regard to the store location or the date of the closure."

**RULING**: **GRANTED IN PART**. Lowe's shall produce the information requested:

1) for the 4 ½ years from January 1, 2008, through July 31, 2013;

2) for buildings of the same size, same configuration, and designed by the same design company as the store at issue;

3) located in West Virginia, Tennessee, Pennsylvania, and Kentucky;

4) that have been closed for two weeks or more due to structural failure.

**SUPPLEMENTAL RESPONSES**

THF also argues that Lowe's' supplemental responses to THF's First Request for Production of Documents was provided to THF on a CD, with a letter, with no further documentation. Fed. R. Civ. P. 34(b)(2)(E) requires a party responding to a request for production of documents to either produce the documents as they are kept in the usual course of business or to organize and label them to correspond to the categories in the request. THF argues that Lowe's, in producing the documents on a CD without identifying what Bates Stamp numbers apply to each Request, has failed to adequately respond to the First Request for Production of Documents, by providing documents in a manner requiting THF to review and sort through each document to determine which documents are responsive to each request.

Lowe's first argues that THF failed to meet and confer with Lowe's over this issue. Lowe's nevertheless represents that it has provided the requested information by letter dated June 14, 2013.

In its Reply THF argues that the May 14, 2013, letter to Lowe's counsel "constitutes a good faith attempt to confer with Lowe's regarding its inadequate discovery responses." The Court does not agree. The letter does not even mention the issue of document disclosures not being in compliance with Fed.R.Civ.P. 34(b)(2)(E)(I).

THF then reiterates that Lowe's supplemental response, consisting of a cover letter and two CD-ROM's containing a large compendium of documents, did not comply with Fed. R. Civ. P. 34(b)(2)(E). THF does not mention the June 14 letter referenced by Lowe's, which Lowe's purports remedies the situation. The June 14 letter states:

> THF's motion to compel indicates that you want us to identify which documents in Lowe's supplemental document production are responsive to each of the individual requests in THF's First Request for Production of Documents. We have done so on the attached Schedule A.

> As you know, we also produced documents in response to THF's Second Request for Production of Documents. The documents produced on May 24 (LowesCV007507-7791) are responsive to Request No. 5 in THF's Second Request for production, and the documents produced on May 31 (LowesCB007792-7795) are responsive to Request No. 2 in THF's Second Request for Production.

The Court has reviewed "Schedule A," which does indicate which Bates Range of documents is in response to which Request for Production. This appears to the Court to remedy the situation.

**CONCLUSION**

In conclusion, the Court finds as follows:

THF's Motion to Compel as to Interrogatory No. 7 is **GRANTED IN PART**.

THF's Motion to Compel as to Interrogatory No. 8 is **GRANTED IN PART**.

THF's Motion to Compel as to the manner of producing the supplemental discovery is **DENIED AS MOOT AND FOR LACK OF A GOOD FAITH "MEET AND CONFER**."

Accordingly, and for docketing purposes Defendant's Motion to Compel [DE 100] is **GRANTED IN PART AND DENIED IN PART**.

Pursuant to Fed.R.Civ.P.37(a)(5)(C), the Court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. For reasons appearing to the Court, there shall be no award of fees or costs to either party.

It is so **ORDERED**.

The Clerk is directed to provide notice of electronic filing of this order to counsel of record.

Dated: September 4, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE