IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LOWE'S HOME CENTERS, INC.,

    Plaintiff,

v.                                          Civil Action No. 1:12 cv 72

THF CLARKSBURG DEVELOPMENT TWO,
LIMITED LIABILITY COMPANY and
MICHAEL H. STAENBERG,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Lowe's Home Centers, Inc.'s ("Lowe's) "Submission Pursuant to the Court's July 11, 2013 Memorandum Opinion and Order" [DE 139]; THF Clarksburg Development Two, Limited Liability Company's" ("THF") Response 141 [DE 141], and Lowe's "Reply" [DE 142]. The undersigned finds the issues addressed in the motion and response are not complex and do not require the resolution of factual matters and therefore do not require a hearing.

On July 11, 2013, the Court entered an Order Granting Lowe's Home Centers Inc.'s ("Lowe's")Motion to Compel Discovery from Defendant THF Clarksburg Development Two, Limited Liability Company" ("THF"), and ordered THF to supplement its privilege log, confirm in writing that it has identified all allegedly privileged documents withheld on the grounds of privilege, and serve the verification of its interrogatory answers on Lowe's [DE 128].  As part of the Order, pursuant to Fed. R. Civ. P. 27(a)(5), the Court directed Lowe's to file an accounting of the reasonable expenses incurred in making its motion, including attorney's fees.  Lowe's was further directed to include in this accounting the costs incurred in conducting the prior deposition of the THF representative who had been designated to testify on the supplemental interrogatory answers at issue.  Lowe's had in its motion also requested the Court Order THF to produce the individual

who verifies the answers for deposition on the answers. For purposes of efficiency, the Court directed Lowe's to make that request again, after it had received the verification, in order to be certain the deposition was necessary.

Lowe's submitted and served its accounting of its reasonable expenses and costs in filing the motion on July 25, 2013 [DE139]. THF responded that it had no objection to the Lowe's accounting of reasonable expenses. The Court finds Lowe's accounting of attorney's fees and expenses totaling $6,367.60 is reasonable under the circumstances of this case. The Court therefore **GRANTS** Lowe's requested fees and expenses and **AWARDS LOWES FEES AND EXPENSES FROM THF** in the amount of $6,367.60.

Lowe's also noted the Court's prior order directing Lowe's to make the request for a deposition of the person who signed the verification again after it received the verification. Lowe's now submits that intervening events warrant a different approach. THF served verifications for the interrogatory answers, including the supplemental interrogatory answers. The person who signed the verifications was Michael Staenberg, who was also the 30(b)(6) designee to answer questions about the supplemental answers to the interrogatories. Mr. Staenberg had been previously deposed. He "testified he had not seen the answers, had not provided and information for the answers, and had no knowledge as to the truth or accuracy of the answers." (Court's Order at 2).

Lowe's argues "there is no justification or possible explanation for producing a 30(b)(6) witness who made no effort before the deposition even to look at the discovery responses about which he was designated to testify, then have the same individual verify those answers under oath just days later, even though he testified he had not knowledge about the truth or accuracy of those answers."

Lowe's further argues:

>There is no point in conducting yet another 30(b)(6) deposition of THF, since Mr. Staenberg was designated as the THF representative who could provide all information known to THF relating to the supplemental interrogatory answers and he has already testified that he has no knowledge at all. The appropriate course at this juncture would be for the Court to strike the verifications as contrary to Mr. Staenberg's sworn testimony, and hold that THF and Mr Staenberg are bound by the testimony Mr. Staenberg presented as THF's 30(b)(6) witness on the interrogatory answers.

THF objects to the request to strike Staenberg's verifications as contrary to his deposition testimony. THF admits that on June 10, 2013, at his deposition, he testified he had not seen THF's interrogatory answers; however, he had discussed the contents of those answers with counsel.

Fed. R. Civ. P. 33(b)(1) provides, in pertinent part:

The interrogatories must be answered:

(A) by the party to whom they are directed; or

(B) if that party is a public or private corporation, a partnership, an association or a government al agency, by any officer or agent, who must furnish the information available to the party . . . .

F.R. Civ. P. 33(b)(5) provides: "The person who makes the answers must sign them . . . ."

In this case "the party" did not sign the answers, i.e., there was no verification at all. As the Southern District of West Virginia stated in <u>Saria v. Massachusetts Mutual Life Ins. Co.</u>:

>Rule 33, requiring verification and signature, is among the simplest of all the Rules of Procedure, and yet it is increasingly ignored. This court wishes to emphasize that the discovery rules are as important as the rules governing trials and judgments, and the discovery rules' requirements are mandatory, not optional.

228 F.R.D. 536, 62 Fed. R. Serv. 3d 109 (S.D.W. Va. 2005).

Further, "The failure to meet the simple requirement of providing verification can only be seen as a flagrant disregard of these Rules, Advisory Notes, and case precedents." <u>Id.</u>

The District of Maryland, however, stated in <u>MMI v. Long</u>:

3

> [A]ttorneys frequently draft answers to interrogatories for their clients that they not unreasonably suppose are accurate, subject to verification by their client, and the attorneys sometimes submit these draft answers to interrogatories to opposing counsel before they are verified by the client. Such actions are not picture perfect in general and they are not especially pretty in this particular case. But MMI and its counsel's actions regarding the Velasco report were not, in the Court's view, part of a nefarious plot to play unfairly in this litigation.

213 F.R.D. 215 (D. Md. 2005).

The Court has already sanctioned THF for its failure to have the answers to interrogatories verified, by allowing for fees and costs incurred, in part, due to this failure. The Court has also already sanctioned THF for failure to produce a 30(b)(6) designee with knowledge of the supplemental interrogatories, by allowing fees and costs.

The current issue is whether the same person who testified he had no actual knowledge of the supplemental interrogatories can later verify those very same interrogatories. The Court believes the answer is, "Yes." Fed. R. Civ. P. 33 "permits a corporate representative to verify a corporation's answers without personal knowledge of every response by 'furnish[ing] such information as is available *to the party*'" (emphasis added). Although Staenberg testified at the deposition that he had never seen the interrogatories at issue, THF represents to the Court that he reviewed them after the June 10, 2013, deposition and verified them under oath "to the best of his information and belief based upon information he had obtained from Jim Lewis and others involved in the development of the site." (Response at 4). The Court does not find THF's actions in having Staenberg sign the verifications were "part of a nefarious plot to play unfairly in this litigation."

The interrogatory answers have been verified. Lowe's motion to strike the verification is therefore **DENIED**. In the motion which led to that Order, Lowe's had requested THF be ordered "to produce the individual who verifies the answers for deposition on the answers." The Court directed Lowe's to make this request again . . . . after it has received the verification, in order to be

certain the deposition is necessary." Lowe's has expressly not made that request, only the request to strike the verification, which request the Court rejects.

In conclusion, the Court **DENIES** Lowe's' request insofar as it asks that THF's verification be stricken.

The Court **GRANTS** Lowe's' request insofar as the reasonable fees and expenses incurred due to the motion and deposition. THF shall pay to Lowe's the sum of $6,367.60, within 30 days of the entry of this order.

Pursuant to F. R. Civ. P. 72(a) any party aggrieved by this order may serve and file objections to the same within 14 days after being served with a copy hereof.

It is so **ORDERED**.

The Clerk is directed to provide notice of electronic filing of this order to counsel of record.

Dated: September 11, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE